UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 14 2005 ★
TIME A.M. _____ P.M. _____

UNITED STATES OF AMERICA,

        Appellee,

-against-

TIMOTHY HALO,

        Defendant-Appellant.

05 CR 0063 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Timothy Halo appeals from the February 2, 2005 judgment convicting him of striking a Veterans Administration ("VA") police officer at the Brooklyn VA Hospital in violation of 18 U.S.C. § 113(a)(4), a class B misdemeanor. Mr. Halo was convicted after a bench trial held before United States Magistrate Judge Roanne L. Mann of the Eastern District of New York on consent of the parties pursuant to 18 U.S.C. § 3401.

Convictions by a United States magistrate may be appealed as a matter of right to a judge of the district court of the district in which the offense was committed. 18 U.S.C. § 3402. The scope of the appeal is the same as an appeal from a district court judgment to a court of appeals. Fed. R. Crim. P. 58(g)(2)(D).

In this appeal, Mr. Halo seeks to vacate his conviction based on "counsel's insufficient advice and the resulting insufficient waiver of the defendant's critical right to testify in his own defense..." Brief and Appendix for the Appellant, 2. Appellant claims a) ineffective assistance of counsel and b) that Magistrate Judge Mann inappropriately failed to conduct an inquiry to be

1

sure that Mr. Halo understood his right to testify. Id. Mr. Halo also requests that the court vacate or modify the probationary sentence imposed by Magistrate Judge Mann on the grounds that it is "greater than necessary" under 18 U.S.C. § 3553(a). Id., citing 18 U.S.C. § 3562(a).

**Ineffective Assistance of Counsel Claim**

Appellant seeks to vacate his conviction, contending that his trial counsel "overrode Mr. Halo's decision to testify, or failed to apprise his client that the decision was ultimately his to make, or both." Brief and Appendix for the Appellant, 31. The Second Circuit has determined that the "burden of ensuring that the defendant is informed of the nature and existence of the right to testify rests upon defense counsel." Brown v. Artuz, 124 F.3d 73, 79 (2d Cir. 1997). As a result, this burden is deemed to be a component of the effective assistance of counsel, and should be evaluated under the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). Id. This court finds that there is insufficient evidence in the record to support a claim of ineffective assistance of counsel, and declines to order the record to be supplemented at this time. If he wishes, appellant may pursue this claim in a habeas petition under 28 U.S.C. § 2255.

Ineffective assistance of trial counsel claims may be heard on direct appeal in a "narrow category of cases" where the defendant (a) has a new counsel on appeal and (b) argues no ground of ineffectiveness that is not fully developed in the trial record. U.S. v. Williams, 205 F.3d 23, 35 (2d Cir. 2000) (quoting U.S. v. Salameh, 152 F.3d 88, 160 (2d Cir. 1998)). However, the Court of Appeals for the Second Circuit has expressed a "baseline aversion to resolving

ineffectiveness claims on direct review." Williams, 205 F.3d at 35. As the Supreme Court explained in Massaro v. U.S.,

> in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.

538 U.S. 500, 504-505 (2003). For these reasons, the Supreme Court determined that § 2255 habeas proceedings, rather than direct appeals, are "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." Id. at 505.

This court declines to review Mr. Halo's ineffective assistance of counsel claim because the alleged ground of ineffectiveness – failure to inform defendant of his right to testify – is not sufficiently developed in the record. The court recognizes that a defendant who fails to object at trial does not thereby waive or forfeit claims of ineffective assistance based on counsel's failure to advise defendant that the ultimate decision whether to testify belongs to him. United States v. Chang, 250 F.3d 79, 84 (2d Cir. 2001) (noting that "absent something in the record suggesting a [defendant's] knowing waiver [of his right to testify], silence alone cannot support an inference of such waiver."). In this case, however, the record contains no convincing evidence that the trial attorney either (a) failed to inform Mr. Halo that he had a right to testify or (b) overrode Mr. Halo's decision to testify.

Appellant's brief cites instances during post-trial proceedings when appellant communicated to the court that he wanted "an opportunity to testify in the above matter on his own behalf, and to provide additional information to the court with reference to this matter"

3

(Letter from Appellant to Magistrate Judge Mann dated March 29, 2004, *included in* Brief and Appendix for the Appellant, A57) and that he was upset that his trial attorney had not given him "an opportunity to tell [his] side of it" (Transcript of Criminal Cause for Sentencing, 03-MJ-1626, April 20, 2004, p.5 line 17, *included in* Brief and Appendix for the Appellant, A60). Additionally, appellant's sister wrote to Magistrate Judge Mann that appellant told her that his trial attorney "insisted that he not testify" (Letter from Thea Halo to Magistrate Judge Mann dated May 22, 2004, *included in* Brief and Appendix for the Appellant, A17-18). However, the fact that Mr. Halo, long after the verdict in his trial, wanted to tell "his side of the story" to the court and was angry with his lawyer about the fact that he had not testified does not demonstrate that Mr. Halo did not know that he could testify at trial, or that his lawyer did anything more than strongly recommend that he not testify for tactical reasons. The record establishes only that, in retrospect, Mr. Halo wishes that he had testified at his trial.

Mr. Halo is welcome to bring his ineffective assistance of counsel claim in a § 2255 proceeding. At that point, appellate counsel may be able to present affidavits or testimony from appellant and his trial counsel that will allow the court to more fully investigate and understand the merits of appellant's claim.

**Court's Failure to Inquire**

Mr. Halo also bases his appeal on the contention that the trial court had a duty to conduct an inquiry to determine whether appellant's failure to testify at trial was the product of a knowing and intelligent waiver of that right. Brief and Appendix for Appellant, 33. Appellant suggests that the "exceptional circumstances" of his case are such that "'judicial interjection through a

direct colloquy with the defendant'" was required to ensure adequate protection of his right to testify. Brief and Appendix for Appellant, 29-30 (citing U.S. v. Pennycooke, 65 F.3d 9, 13 (3d Cir. 1995)).

In Brown v. Artuz, the Second Circuit decided that trial counsel, rather than the trial court, bears the responsibility for ensuring that a defendant is informed of his right to testify. 124 F.3d at 79. Specifically, the Second Circuit noted that there is "no general burden on the trial court to inform a defendant of the right to testify and ascertain whether the defendant wishes to waive that right... [T]he judge need not intervene when counsel announces that the defendant rests and the defendant has not testified." Id. In so deciding, the Second Circuit noted that other circuits have ruled that such judicial interjection may be required under "exceptional, narrowly defined circumstances," but found it unnecessary to decide whether the Second Circuit would adopt a similar standard since such potentially extraordinary circumstances were not present in that case. 124 F.3d at 79 n2 (citing Pennycooke, 65 F.3d at 12).[1]

Even assuming that the Second Circuit would, in fact, conclude that judicial interjection might be necessary in "exceptional circumstances" to preserve defendants' right to testify, the circumstances of Mr. Halo's case would not qualify as exceptional. In Brown, the Second Circuit suggested judicial interjection might potentially be necessary

---

[1] It is worth noting that most courts of appeals that have ruled on this issue have held that a trial court has no affirmative duty either to explain to a defendant that he or she has a right to testify or to verify that a defendant has waived that right voluntarily. See, e.g., U.S v. Ortiz, 82 F.3d 1066, 1069 n.8 (D.C. Cir. 1996) (noting the agreement of the First, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits that the trial court does not have a duty sua sponte to conduct an on-the-record colloquy regarding waiver). See also U.S. v. Webber, 208 F.3d 545, 551 (6th Cir. 2000); U.S. v. Van De Walker, 141 F.3d 1451, 1452 (11th Cir. 1998); U.S. v. Brimberry, 961 F.2d 1286, 1290 (7th Cir. 1992).

> where the trial judge has reason to believe that defense counsel is frustrating the defendant's desire to testify, [Pennycooke, 65 F.3d] at 13, where the defendant has expressed his desire to testify to the court, see Ortega v. O'Leary, 843 F.2d at 261 (7th Cir. 1988), or where 'there appears to be no rational explanation for the decision' not to testify, Ortiz, 82 F.3d at 1071.

124 F.3d at 79. None of these potentially extraordinary circumstances is present in this case.

First, there is no evidence in the record that trial counsel frustrated defendant's desire to testify. In fact, Mr. Halo never claims that his attorney prevented him from testifying, or even that he himself wanted to testify at trial.[2]

Second, Mr. Halo did not express his desire to testify until after his trial had concluded. Mr. Halo's circumstances therefore fall short of the oft-cited example of Ortega v. O'Leary, 843 F.2d 258, 263 (7th Cir. 1988), in which the Seventh Circuit found that the trial court might have committed error by failing to speak directly with the defendant regarding his right to testify, where defendant repeatedly interrupted his trial to express his desire to testify and accused his lawyer of lying when the lawyer said that they had made a joint decision that the defendant should not testify. The instant case differs from the Ortega case in several ways. Unlike Mr. Ortega, who expressed his desire to testify at the close of evidence and repeatedly during the attorney's closing statements, Mr. Halo did not express his desire to testify until several months after he was convicted. Additionally, Mr. Halo has never suggested – as Mr. Ortega did when he asserted that his attorney was lying – that his trial counsel overrode his desire to testify.

---

[2]Mr. Halo expressed his desire to testify on numerous occasions after his trial. However, he has never stated that he actually wanted to testify during the trial but was stopped from doing so, or that he was unaware that the decision to testify at trial was ultimately his.

Finally, Mr. Halo does not present an example of a situation in which there was no rational explanation for his failure to testify. Mr. Halo has an extensive history of severe mental illness. See, e.g., Presentence Report ¶ 42-48. Magistrate Judge Mann noted repeatedly during post-trial hearings that Mr. Halo's counsel might have had good strategic reasons for suggesting that he not testify, including his "psychiatric problems." See, e.g., Transcript of Criminal Cause for Sentencing, April 20, 2004 at 5 and 16, *included in* Brief and Appendix for Appellant, A60 and A69. The government also suggests that, had Mr. Halo taken the stand, information regarding his prior bad acts, including his prior conviction for resisting arrest, might have been explored at length. Government's Memorandum of Law in Opposition to the Appeal, 18. Accordingly, the record of appellant's trial does not present any evidence of the "exceptional, narrowly defined circumstances" in which direct judicial interjection might be required. Brown, 124 F.3d at 79 n2.

In the absence of extremely exceptional circumstances, the Second Circuit has concluded that direct judicial colloquy with the defendant "will generally be inadvisable, as judicial interference with counsel's strategic decision not to place his client on the stand 'poses a danger that the judge will appear to encourage the defendant to invoke or waive this right' even when it is unwise to do so." Id. (citing U.S. v. Joelson, 7 F.3d 174, 178 (9th Cir. 1993)). Magistrate Judge Mann's failure to conduct such a colloquy, therefore, clearly does not constitute error.

**Reconsideration of Probationary Sentence**

On appeal, appellant asks that this court vacate or modify the probationary sentence imposed by Magistrate Judge Mann as "greater than necessary" under 18 U.S.C. § 3553(a).

On January 24, 2005, Magistrate Judge Mann sentenced Mr. Halo to a three-year term of probation with special conditions that Mr. Halo participate in mental health and substance abuse evaluation and treatment. Brief and Appendix for Appellant, A116-A119. Mr. Halo was also ordered to contribute to the cost of services and medication to the extent he was able, provide releases for his medical and psychiatric records, provide information regarding his financial condition, and to pay a $100 fine and a $10 special assessment. Id.

On June 20, 2005, Magistrate Judge Mann found that Mr. Halo had violated his probation by failing to report to his probation officer. Order Amending Judgment, July 25, 2005. As a result, Magistrate Judge Mann added two additional conditions to appellant's supervised probation: Halo was ordered to 1) undergo an independent mental health evaluation by Dr. N.G. Borrell and Associates, and 2) attend programs at the Veteran's Center on Flatbush Avenue Extension as directed by the Probation Department. Id.

Since Mr. Halo was convicted of a Class B misdemeanor, the sentencing guidelines do not apply. See U.S. Sentencing Guidelines Manual § 1B1.9 (2005). The Second Circuit has held that, in such cases, the sentence imposed by the trial court should be upheld when: "(1) the [trial] court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." U.S. v. Pelensky, 129 F.3d 63, 69 (2d Cir. 1997) (quoting U.S. v. Anderson, 15 F.3d 278, 284 (2d Cir. 1994)).

Neither appellant nor the government question the trial court's consideration of applicable policy statements. Similarly, the sentence imposed in this case falls well below the statutory maximum of six months imprisonment (18 U.S.C. § 113(a)(4)) or not more than five years probation (18 U.S.C. § 3561(c)(2)). The third prong of the test articulated by the Second

8

Circuit, reasonableness, has been described as a "a flexible concept." U.S. v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005); see also U.S. v. Crosby, 397 F.3d 103, 115 (2d Cir. 2005). The Second Circuit has noted that the deference should be given to the decisions of trial courts – in this case, the Magistrate Judge – due to their familiarity with the record and presentence reports, their discussions with probation officers, and their impressions of the defendant based on the entirety of the proceedings. See Fleming, 397 F.3d at 100. In addition to her personal experience with the defendant during the trial in this case and oral statements from the defendant, defense counsel, and the government at sentencing, Magistrate Judge Mann based her sentencing decision on the extensive Presentence Report prepared by the U.S. Probation Department, recommendations from the government and from Mr. Halo's defense counsel, letters from Mr. Halo's treating psychiatrist, and letters from many members of Mr. Halo's family. Transcript of Criminal Cause for Sentencing, January 24, 2005, *included in* Brief and Appendix for Appellant, A107-A115.

The Presentence Report prepared by the U.S. Probation Department documented that Mr. Halo had been arrested twelve times prior to the instant offense. Presentence Report, March 18, 2004, ¶ 12-23. Mr. Halo has one previous adult conviction, for resisting arrest in Clarkstown, New York in 1993. Id. ¶ 23. He also has a history of substance abuse. Id. ¶ 51-52, 62. The Presentence Report also describes Mr. Halo's extensive mental health problems. Id. ¶ 42-48. According to his current psychiatrist, Dr. Paul Salken, Mr. Halo suffers from Major Depressive Disorder, Organic Brain Disorder, Post-Traumatic Stress Disorder, and a Traumatic Brain Disorder. Id. ¶ 44, 46. Dr. Salken informed the Probation Department that Mr. Halo is suicidal, depressed, paranoid, confused, and suffers from memory deficits and an inability to focus. Id. ¶

9

44, 47. The Presentence Report notes that Dr. Salken feels that Mr. Halo should continue to receive psychiatric treatment, and that Dr. Salken has previously pleaded with the defendant to enter a psychiatric hospital for further treatment. Id. ¶ 44, 47. After noting that Mr. Halo "has exhibited violent and aggressive behavior" and "poses a threat to himself," the Probation Department recommends that the court impose "[a] period of supervision, coupled with mental health treatment" and substance abuse treatment. Id. ¶ 62.

Magistrate Judge Mann determined from all of these sources that Mr. Halo was in need of supervision, mental health treatment, and substance abuse treatment. Id. at A116. After considering the defense's assertion that Mr. Halo was already receiving treatment independently and would continue to do so, Judge Mann concluded – based on both the Presentence Report and on the treating psychiatrist's report that he had previously urged the defendant to enter residential treatment (Id. at A119) – that "the treatment he's been getting has not been adequate." Id. at A116. Reasoning that "it does serve both his interests and societal interests for him to get the kind of treatment that he needs," Judge Mann accordingly sentenced Mr. Halo to three years supervised probation with mandatory mental health and substance abuse evaluation and treatment. Id.

Appellant specifically suggests that this court should find that his three-year probationary sentence was unreasonable because there was an "unreasonable sentence disparity when compared to another similarly situated defendant... of a kind that needs to be avoided under § 3553(a)(6)." Reply Brief for the Appellant, 10. Specifically, appellant refers to the deferred prosecution of Kenneth Hersom, another individual accused of a similar crime at the VA Hospital; the parties apparently agreed to defer prosecution of Mr. Hersom in contemplation of

dismissal conditioned on Mr. Hersom's agreement not to commit a criminal act for a period of two months. Id. Appellant suggests that the disparity between these two sentences should cause concern under 18 U.S.C. § 3553(a)(6).

However, appellant incorrectly interprets the mandate of 18 U.S.C. § 3553(a)(6). The Second Circuit has explicitly noted that the concern about sentence disparity should not result in comparison of specific cases or even individual defendants in the same case. Rather, a defendant's sentence must be considered in light of all similarly situated defendants. See U.S. v. Toohey, 132 Fed. Appx. 883, 886-887 (2d Cir. 2005) (unpublished opinion) (emphasizing that "the unwarranted disparities that informed [18 U.S.C. § 3553(a)(6)] were not those between any two discrete cases or even between two defendants in the same case... § 3553(a)(6) expects a court to consider whether a defendant is favored or disfavored by a particular sentence 'compared to all those similarly situated defendants.'" (quoting U.S. v. Joyner, 924 F.2d 454, 461 (2d Cir. 1991))).

Although this court is sympathetic to Mr. Halo's mental health problems and appreciates that the reporting requirements of probation are difficult for him, it is clear from the record that Magistrate Judge Mann fully considered all available materials and testimony in sentencing Mr. Halo. The probationary sentence that Magistrate Judge Mann imposed was clearly well within the statutory range and was plainly reasonable. Indeed, in the absence of a probationary sentence, the court would have been powerless to act had Mr. Halo chosen to cease independent psychiatric treatment altogether. Such a result would have thwarted the statutory goal of imposing a sentence aimed at assuring rehabilitation of the defendant and protection of the public, particularly in light of Mr. Halo's well-documented long-term psychiatric problems, his past drug

addiction, and his arrest history. Therefore, this court declines to modify the previously imposed sentence.

**Conclusion**

For the reasons detailed above, appellant's requests that his conviction be vacated and that his probationary sentence be modified or vacated are denied.

SO ORDERED.

                                                      Allyne R. Ross
                                                     United States District Judge

Dated: October 12, 2005
       Brooklyn, New York

SERVICE LIST:

        Georgia J Hinde
        Law Office of Georgia J. Hinde
        1133 Broadway, Suite 304
        New York, NY 10010

        Carolyn Pokorny
        U.S. Attorney's Office
        Criminal Division
        147 Pierrepont Plaza
        Brooklyn, NY 11201

cc:        Magistrate Judge Roanne L. Mann